# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.

PRESIDENT TRUMP, et al.,

    Defendant.

Case No. 1:19-cv-18

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Although venue in this Court is clearly improper, for the reasons that follow, the undersigned recommends that the complaint be dismissed and that pre-filing sanctions be imposed upon Plaintiff as a vexatious litigator before he is permitted to file any future cases in this Court.

### I. General Screening Authority

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

### A. Plaintiff's Litigation History in the Federal Courts

The undersigned takes judicial notice of the fact that Plaintiff has filed hundreds of cases and appeals in the federal courts alone,[1] including seven cases in this U.S. District Court. Plaintiff initiated his first five cases in this Court on September 11, 2017; all five of those cases were transferred to other district courts based upon a lack of venue in this Court. Plaintiff's subsequent appeals of those orders were dismissed.

Other courts have taken note of Plaintiff's extensive and abusive nationwide litigation practices. Indeed, Plaintiff has been deemed a vexatious litigant or subjected to prefiling requirements in multiple district courts across the country. Just over a year ago, a district court in Hawaii catalogued a portion of those nationwide orders:

---

[1] A Public Access to Courts Electronic Records ("PACER") search reveals **333** cases and appeals filed by Plaintiff across the federal courts of this country as of January 8, 2019.

> The Court again takes judicial notice of Emrit's extensive record of filing in districts nationwide, including those in which he has been deemed a vexatious litigant or subjected to prefiling requirements. *See, e.g., Emrit v. Arizona Supreme Court*, 2016 WL 910151, at *4 (D. Ariz. Mar. 9, 2016) (finding "that there is an adequate record to support the issuance of a vexatious litigant order against Plaintiff" and citing cases); *Emrit v. Nat'l Academy of Recording Arts & Sciences*, No. 1:14-cv-00392-SS (W.D. Tex. Feb. 5, 2015), Dkt. No. 35 (discussing forty-seven meritless federal lawsuits filed by Emrit since March 2013 and entering a vexatious litigant order against Plaintiff); *Emrit v. Soc. Sec. Admin.*, 2:14-cv-01760-GMN-PAL (D. Nev. July 29, 2015), Dkt. No. 36 (entering vexatious litigant order against Emrit); *Emrit v. Continuum Legal*, 2017 WL 2622368, *2 (E.D. Va. Jan. 31, 2017) ("Plaintiff is a serial pro se litigant who is subject to pre-filing injunctions in at least two courts."); *Emrit v. Sec. of State*, 2017 WL 3209449 (D.R.I. Jan. 9, 2017) (noting that plaintiff has been declared a "vexatious filer" in several districts and enjoined from further filings without leave of court). *See also Emrit v. Am. Commc'ns Network, Inc.*, 583 Fed.Appx. 46, 47 (4th Cir. 2014) (cautioning Emrit "that federal courts, including this court, are authorized to impose sanctions upon vexatious and repetitive litigants for frivolous filings [and warning him that] [f]urther frivolous filings by Emrit may result in this court sanctioning him, including by ordering a prefiling injunction that limits his access to the court") (citation omitted).

*Emrit v. Secretary of Hawaii*, 2018 WL 264851, at *2, note 2 (D. Hawaii, Jan 2, 2018).

> *See also, e.g., Emrit v. Simon*, 17-cv-04605 SRN-SER (D. Minn. Dec. 8, 2017), Dkt. Nos. 4 and 9 (dismissing with prejudice Emrit's identical claims against Minnesota Secretary of State, ordering that Emrit be restricted from filing new cases in the district unless represented by licensed counsel or with prior written authorization from a judicial officer, while noting that Emrit has initiated approximately 150 federal lawsuits since 2013)….

*Id.* at n. 3. Notwithstanding such sanctions and admonishments, as well as a resounding lack of success in the federal courts that would give pause to most litigants, Plaintiff has given no hint of abating his pernicious conduct.

### B. Plaintiff's current complaint

In the above-captioned complaint, Plaintiff alleges that he is a "resident" of Nevada, although multiple records in other cases including this one reflect a mailing address in Florida. In the instant complaint, Plaintiff identifies five Defendants: (1) President Donald

4

Trump; (2) United States Department of Agriculture; (3) United States Department of Congress; (4) Federal Trade Commission; and (5) International Trade Commission. (Doc. 1-1 at 1).[2]

As with all other cases previously filed by Plaintiff in this Court, venue over Plaintiff's claims does not exist in this Court. Plaintiff asserts that venue exists under either 28 U.S.C. §1391 or 28 U.S.C. § 1400. The latter statute has no applicability to Plaintiff's claims. In addition, pursuant to 28 U.S.C. § 1391(e), in cases where all Defendants are officers or employees or agencies of the United States, venue is limited as follows:

> (1) In general.--A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

*Id.* Neither President Trump nor any of the identified federal agencies reside in Ohio, and none of Plaintiff's allegations or claims (which primarily focus on the recent imposition of trade tariffs on China) relate to any "substantial" events in Ohio. No real property is involved; rather, Plaintiff's claims include: (1) Tortious interference with an existing contract; (2) Violation of equal protection clause; (3) Violation of due process clause; (4)

---

[2]The undersigned takes judicial notice of the fact that Plaintiff initiated a second case in this Court on the same day, identifying as Defendants George Soros, the Federal Communications Commission, the Federal Trade Commission, and the Securities Exchange Commission. That case is assigned to a different magistrate judge but is assigned to the same district judge as this case. *See, e.g.*, Case No. 1:19-cv-19-MRB-KLL.

5

Violation of the privileges and immunities clause; (4) Violation of the Americans with Disabilities Act; and (6) Violation of Title VII of the Civil Rights Act. (Doc. 1-1). Pursuant to 28 U.S.C. §1391(e), venue for Plaintiff's claims most likely exists where "the plaintiff resides" which is presumed to be in the Nevada district of Plaintiff's alleged residence or possibly at his address in Florida. Venue does not exist in this district.

Although it would be more expedient for this Court to transfer Plaintiff's current complaint to the proper venue, the undersigned concludes that the better course of action is to recommend dismissal at the outset rather than to burden another federal court with this frivolous action. In addition, in hopes of preventing Plaintiff from initiating future lawsuits in this Court, the undersigned recommends declaring Plaintiff to be "vexatious" in this Court and requiring pre-filing screening based upon the number of previous cases he has filed herein in the clear absence of any basis for venue in this jurisdiction.

In making this recommendation, the undersigned acknowledges that due to the transfer of all five prior cases, Plaintiff has not yet been explicitly warned <u>by this Court</u> (though he has been repeatedly warned by other federal courts) that he could be subject to sanctions if he continues to file frivolous lawsuits in this jurisdiction. *Compare, e.g., Baldwin v. United Nations Security Council,* Case No. 1:12–cv–134 (Doc. 8, August 7, 2012 Order adopting Report and Recommendation and warning pro se plaintiff that she may be subject to sanctions "that would prohibit her from filing any additional complaints without leave of Court"); *Baldwin v. Hamilton County Clerk of Courts,* Case No. 1:12–cv–143 (Doc. 6, February 23, 2012 Order adopting Report and Recommendation). Given Plaintiff's unusually extensive nationwide litigation history, the undersigned is not unduly troubled by the lack of a prior express warning by this Court. In addition, the sanction

6

recommended in this Report and Recommendation is based upon Plaintiff's repetitious filing of cases with no possible venue in this district, and merely recommends precluding future filings without first ascertaining the appropriate venue.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn.Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.; see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328–29, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir.2010) (quoting *Neitzke,* 490 U.S. at 328).

Looking to the allegations contained in the present complaint, the undersigned concludes that the allegations are patently frivolous and should be dismissed rather than transferred to another federal venue. Apart from facially apparent standing issues, this Court lacks subject matter jurisdiction because Plaintiff fails to include sufficient factual material sufficient to state any plausible claim against any Defendant. As the District of Columbia wrote in what appears to be the sole published case involving Plaintiff (out of his hundreds of federal cases), "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Emrit v. National Institutes of Health*, 157 F. Supp.3d 52, 54 (D.C. Ct. 2016) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974), additional internal quotation and citation omitted). Plaintiff's claims also appear barred by the doctrine of sovereign immunity to the extent that he seeks tort damages without

8

having exhausted any claims under the Federal Tort Claims Act. *Id.*[3] Thus, this case should be dismissed for lack of jurisdiction in any federal court pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

"[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.' " *Patterson v. Aiken,* 841 F.2d 386, 387 (11th Cir.1988) (quoting *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir.1986)). A Court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers v. Chevon U.S.A., Inc., et al.,* 141 F.3d 264, 269 (6th Cir.1998). Plaintiff's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits. Moreover, the Sixth Circuit recognizes the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial,* 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.,* 141 F.3d 264, 269 (6th Cir.1998); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987). The *Feathers* court recognized there is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers* at 269. The Sixth Circuit Court agreed with the Ninth Circuit that "[t]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to

---

[3]Adding to Plaintiff's venue woes, claims against the United States not sounding in tort and seeking damages exceeding $10,000 fall within the exclusive province of the U.S. Court of Federal Claims.

relitigate old claims." *Id.,* citing *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1524 (9th Cir.1983). Without doubt, a litigant who files a case without merit wastes the resources of the court and the named defendants. See e.g., *Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 3, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

At this juncture, Plaintiff's actions rise to the level of prolific and vexatious litigation. *See Feathers* at 269 (issuing an injunction to "stanch the ongoing flow of meritless and repetitive" cases). Merely "kicking the can" by transferring venue or issuing a warning clearly would be of no benefit to Plaintiff, to this Court, or to any other federal court to which Plaintiff's case might be transferred. Therefore, the undersigned recommends classifying Plaintiff as a harassing and vexations litigator in this Court, and imposing pre-filing restrictions relating to venue before this Court will accept any additional complaints from Plaintiff. *See Marbly v. Wheatley*, 87 Fed. Appx. 535 (6th Cir.2004) (mandating that pro se plaintiff first seek leave of court prior to filing a lawsuit); *Stewart v. Fleet Financial,* 229 F.3d 1154 (6th Cir.2000) (requiring harassing and vexatious pro se litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).

In terms of the level of pre-filing restrictions to be imposed, the undersigned notes that requiring court review of any proposed future filings by Plaintiff would likely result in a further waste of scarce judicial resources. *See Moore v. Hillman,* 2006 WL 1313880, *5

10

(W.D .Mich. May 12, 2006) (citing *Sassower v. American Bar Assn.,* 33 F.3d 733, 736 (7th Cir.1994)). Plaintiff has demonstrated no ability to curtail his litigation practices nationwide, much less in this Court.

With respect to the unique category of abusive litigators into which Plaintiff falls, courts have struggled to find an appropriate remedy that does not expend additional resources in the course of judicial gatekeeping. Thus, courts have restricted pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir.1992); *Sawchyn v. Parma Municipal Court,* 114 F.3d 1188 (6th Cir.1997) (unpublished), 1997 WL 321112, *1; *May v. Guckenberger,* 2001 WL 1842462, *6 (S.D. Ohio 2001). The Court finds that a similar sanction relating to venue is appropriate in this case to deter Plaintiff from filing future vexatious and frivolous motions and lawsuits in this Court. *See also Bradford Co. v. Afco Manufacturing, et al.,* Case No. 1:04–cv–449–SSB (Doc. 164, Order of August 5, 2008, imposing sanction upon Jonathan Lee Riches).

### III. Conclusion and Recommendations

Accordingly, for these reasons, **IT IS RECOMMENDED AS FOLLOWS:**

1. Plaintiff's complaint should be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B);
2. Plaintiff Ronald Satish Emrit should be declared a harassing and vexatious litigator, and therefore be ENJOINED AND PROHIBITED from filing any additional complaints in the Southern District of Ohio **which have not**

11

**first been certified to have been filed in the correct venue** by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, *or alternatively,* which are accompanied by payment of the full filing fee;

3. The Clerk of Court should be specifically DIRECTED not to accept any such pleadings from the identified Plaintiff herein, absent compliance with the above restrictions, and should be instructed to dispose of such documents accordingly;

4. That pursuant to 28 U.S.C. § 1915(a)(3), the Court certify that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir.1997).

        *s/ Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RONALD SATISH EMRIT,

    Plaintiff,

v.

PRESIDENT TRUMP, et al.,

    Defendant.

Case No. 1:19-cv-18

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).